SUSMAN GODFREY L.L.P.

The Honorable Edgardo Ramos                                    October 21, 2025
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Bonacasa v. Standard Chartered Bank* (No. 1:22-cv-03320); *Moore v. Standard Chartered Bank* (No. 1:23-cv-02834); *Smedinghoff v. Standard Chartered Bank* (No. 1:23-cv-02865)

Dear Judge Ramos:

Pursuant to the Court's October 7, 2025 Order (*see Bonacasa*, ECF No. 225), Plaintiffs in the above-captioned cases respectfully seek permission to (1) file a redacted public version of Plaintiffs' memorandum of law in support of their motion for leave to file amended complaints and (2) file redacted public versions of Exhibits B–H.

Plaintiffs' memorandum of law references information that Defendant Standard Chartered Bank ("SCB") has designated as Confidential under the Protective Order and information that third-party PricewaterhouseCoopers International Ltd. ("PwC") has designated as Highly Confidential under the Protective Order. *See, e.g., Bonacasa*, ECF No. 57. Plaintiffs' proposed amended complaints (Exs. B–D) and redlines (Exs. E–G) reference information that SCB and third-party The Bank of New York Mellon ("BNY") have designated as Confidential under the Protective Order and information that PwC has designated as Highly Confidential under the Protective Order. Finally, Exhibit H references information that third-party BNY has designated as Confidential under the Protective Order and information that third-parties PwC and Midwest Fertilizer Corporation ("MFC") have designated as Highly Confidential under the Protective Order. Plaintiffs are contemporaneously filing with this letter: (1) a public version of the memorandum of law and exhibits with the proposed redactions applied and (2) under-seal versions of the memorandum of law and exhibits with the proposed redactions highlighted.

**Plaintiffs' Position:** Plaintiffs take no position on the redactions at this time. *See* Protective Order, ¶ 12.1 ("[A] Receiving Party may rely on the Designating Party's designation of any Discovery Material and need not independently verify, or take a position on, such Designating Party's designation."). However, if the Court grants the motion and permits Plaintiffs to file their proposed amended complaints, Plaintiffs respectfully request that the amended complaints be filed on the public docket without any redactions. *See, e.g., Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 140 (2d Cir. 2016) ("A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." (citation omitted)).

**SCB's Position:** SCB respectfully requests that certain information in Plaintiffs' letter excerpted from materials designated as "Confidential" pursuant to the parties' Protective Order—including non-public information and analyses related to SCB's customer relationships—be redacted from Plaintiffs' memorandum of law and proposed amended complaints (and from the amended complaints filed on the docket in the event the Court grants Plaintiffs' motion to amend). Prevailing Second Circuit law supports the redaction of these excerpts, because the information

was excerpted from documents that were properly designated confidential under the Protective Order, and "Courts in [the Second Circuit] routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." *BakeMark USA LLC* v. *Negron*, 2024 WL 182505, at *2 (S.D.N.Y. Jan. 16, 2024) (approving targeted redactions to complaint); *Stegmann on Behalf of Covetrus, Inc.* v. *Wolin*, 2021 WL 1838219 (E.D.N.Y. May 7, 2021) (approving redactions to a complaint where "the redactions are narrowly tailored to protect against disclosure of confidential and commercially sensitive information"); *Refco Group Ltd., LLC* v. *Cantor Fitzgerald, L.P.*, 2015 WL 4298572 (S.D.N.Y. July 15, 2015) (permitting redactions to motion to amend and proposed amended complaint).

**PwC's Position:** Non-party PricewaterhouseCoopers International Limited ("PwC") has designated the referenced information (*i.e.*, PwCIL_000001, PwCIL_000008, and deposition questions referencing those two documents) as Highly Confidential pursuant to the Protective Order in this Action and requests that such information in Plaintiffs' memorandum of law and exhibits be redacted. *See* Protective Order. This Court previously granted a request to seal confidential business information from the same document in this case. *See* Dkt. 198*; see also* Dkt. 138, 144 (also granting requests to seal confidential business information). As before, the information at issue reflects non-public internal processes and highly confidential business information related to PwC and member firms in the PwC network. Such a request is "routinely granted in this jurisdiction," particularly for a third party. *In re B & C KB Holding GmbH*, No. 22-MC-180 (LAK) (VF), 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."); *see also Graczyk v. Verizon Commc'ns, Inc.*, No. 18 CIV. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (same and citing cases); *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18 CIV. 2392 (RMB), 2020 WL 3170566, at *1 (S.D.N.Y. June 15, 2020) ("The privacy interests of innocent third-parties ... should weigh heavily in a court's balancing equation when determining whether to grant an application to seal.") (internal quotations omitted). Moreover, the information in question is "directly from an internal document" produced in discovery and "designated as highly confidential" under a protective order. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (granting motion to seal for information "directly from an internal document produced by [defendant] in limited expedited discovery and designated as highly confidential under the Protective Order"). Accordingly, PwC respectfully requests that the referenced information be redacted and remain under seal.

**BNY's Position:** Non-party BNY designated the entire deposition transcript of Vinu Kurian as Confidential under the relevant Protective Order. *See* Dkt. 18. "Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information." *IBM Corp. v. Micro Focus United States, Inc.*, No. 22-cv-9910 (VB)(VR), 2023 U.S. Dist. LEXIS 225012, at *3 (S.D.N.Y. Dec. 14, 2023); *see also Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22-CV-3235 (JPO)(KHP), 2024 U.S. Dist. LEXIS 39805, at *6 (S.D.N.Y. Mar. 6, 2024) (sealing is appropriate to protect "sensitive business information"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redactions of confidential business information for a privately held business, which "implicates legitimate privacy interests"); *Tribe of Two, LLC v. Tod's S.P.A. & Deva, Inc.*, No. 23-cv-3255 (JGLC), 2024 U.S. Dist. LEXIS 94407, at *8 (S.D.N.Y. May 23, 2024)

("Courts in this District routinely seal documents to prevent the disclosure of confidential business information"). The deposition transcript at issue contains BNY's confidential business information, including its internal practices and procedures related to American Depository Receipts clients generally, and the management of its relationship with Fatima in particular. In addition, the underlying documents that are the subject of the witness's testimony were marked confidential when produced, and those documents contain non-public information and analyses related to the bank's systems and controls and customer relationships, the same types of information that have been sealed in this case upon the request of the Defendant. *See* Dkts. 36, 42.

**MFC's Position:** Non-party MFC has designated the referenced information (*i.e.*, MB-9, MB-10, MB_11, and deposition questions referencing those two documents) as Highly Confidential pursuant to the Protective Order in this Action and requests that such information in Plaintiffs' memorandum of law and exhibits be redacted. *See* Protective Order and *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (granting motion to seal for information "directly from an internal document produced by [defendant] in limited expedited discovery and designated as highly confidential under the Protective Order").

***

For these reasons, Plaintiffs, SCB, PwC, BNY, and MFC respectfully request that the Court grant the request to redact the referenced information contained in Plaintiffs' memorandum of law and Exhibits B–H.

Respectfully submitted,

_/s/ Daniel D. Duhaime_
Ian M. Gore
SUSMAN GODFREY LLP
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880
igore@susmangodfrey.com

Steven G. Sklaver
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
ssklaver@susmangodfrey.com

Seth D. Ard
Daniel D. Duhaime
SUSMAN GODFREY LLP
One Manhattan West, 50th Floor
New York, NY 10001
Tel: (212) 336-8330
sard@susmangodfrey.com
dduhaime@susmangodfrey.com

Eli J. Kay-Oliphant
Adam J. Goldstein
Tejinder Singh
Ryan R. Sparacino
SPARACINO PLLC
1920 L Street, Northwest, Suite 835
Washington, DC 20036
eli.kay-oliphant@sparacinopllc.com
adam.goldstein@sparacinopllc.com
tejinder.singh@sparacinopllc.com
ryan.sparacino@sparacinopllc.com

_Counsel for Smedinghoff Plaintiffs_

Lee Wolosky
Andrew J. Lichtman
Kathryn E. Bolas
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
lwolosky@willkie.com
alichtman@willkie.com
kbolas@willkie.com

Andrianna Kastanek
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel:  (312) 222-9350
akastanek@jenner.com

Rupali Srivastava
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Tel:  (212) 891-1628
sevarts@jenner.com
rsrivastava@jenner.com

Gary M. Osen
Ari Ungar
Michael J. Radine
OSEN LLC
190 Moore Street, Suite 272
Hackensack, NJ 07601
Tel:  (201) 265-6400
gosen@osenlaw.com
aungar@osenlaw.com
mradine@osenlaw.com

_Counsel for Bonacasa and Moore
Plaintiffs_

October 21, 2025

*/s/ Andrew J. Finn* (with permission)          */s/ David A. Gordon* (with permission)
Sharon L. Nelles                                David A. Gordon
Andrew J. Finn                                  SIDLEY AUSTIN LLP
SULLIVAN & CROMWELL LLP                         One South Dearborn
125 Broad Street                                Chicago, IL 60603
New York, NY 10004                              Tel: (312) 853-7000
Tel: (212) 558-4000                             dgordon@sidley.com
nelless@sullcrom.com
finna@sullcrom.com                              *Counsel for Nonparty*
                                                *PricewaterhouseCoopers International*
*Counsel for Defendant Standard*                *Ltd.*
*Chartered Bank*

*/s/ Paul Vink* (with permission)               */s/ Natsayi Z. Mawere* (with permission)
Paul Vink                                       Natsayi Z. Mawere
BOSE MCKINNEY & EVANS LLP                        REED SMITH LLP
111 Monument Circle, Suite 2700                 599 Lexington Avenue, 22nd Floor
Indianapolis, Indiana 36204                     New York, NY 10022
Tel: (317) 684-5000                             Tel: (212) 521-5400
pvink@boselaw.com                               nmawere@reedsmith.com

*Counsel for Nonparty Midwest Fertilizer*       *Counsel for Nonparty The Bank of New*
*Corporation*                                   *York Mellon*

---

The application is  X   granted
                   ____ denied

Edgardo Ramos, U.S.D.J
Dated: October 22, 2025
New York, New York